**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-01441-PAB-CBS

JACK KESLING and
MICHELLE KESLING,

Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
a Wisconsin corporation,

Defendant.
_____

**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON**
**BREACH OF CONTRACT CLAIMS**
_____

Defendant American Family Mutual Insurance Company, by its attorneys Campbell, Latiolais & Ruebel, P.C., pursuant to F.R.C.P. 56, hereby moves for summary judgment in its favor and against Plaintiffs Jack and Michelle Kesling on Plaintiffs' First Claim for Relief for Declaratory Judgment and Second Claim for Relief for Breach of Insurance Contract. Defendant American Family states as follows in support of its Motion.

American Family's homeowners Policy issued to Jack and Michelle Kesling is attached to this Motion as Exhibit A. The **CONDITIONS – SECTION 1** part of the Policy contains the following paragraph 18 on page 9 of the Policy Form:

> Suit Against Us. We may not be sued unless there is full compliance with all of the terms of this policy. Suit must be brought within one year after the loss or damage occurs.

Colorado law upholds this Policy provision as reasonable and enforceable. *See Emenyonu v. State Farm Fire and Cas. Co.*, 885 P.2d 320, 323 (Colo. App. 1994). In *Emenyonu v. State Farm*,

the Colorado Court of Appeals affirmed summary judgment in State Farm's favor on the plaintiff's breach of contract claim, when the plaintiff failed to comply with an identical policy one year limitation. The Colorado Supreme Court has more recently confirmed that an insurance policy's one year suit limitation does not conflict with Colorado's applicable statute of limitations. *See Grant Family Farms, Inc. v. Colorado Farm Bureau Mut. Ins. Co.*, 155 P.3d 537 (Colo. 2007).

The following timeline sets forth the material facts pertinent to application of the Policy's one year limitation:

1. The Keslings purchased their American Family homeowners Policy upon moving into their new home at 5133 Echo Valley Road in Larkspur. The Policy was for a one year period beginning September 19, 2007 and extending through September 19, 2008.

2. The Keslings' insurance agent, Ella Washington, called American Family's claim customer care center on August 20, 2008 to report a claim involving "water damage to deck and siding" of the Kesling home. The reported date of loss was August 6, 2008. See American Family First Notice of Loss, attached as Exhibit B.

3. American Family assigned property claim adjuster Bob Tamminga, III to investigate and handle the Keslings' reported water damage claim. Mr. Tamminga called the Keslings and left phone messages with them on August 20 and again on August 22, 2008, seeking to set up an appointment to discuss their claim with them. The Keslings did not respond to either phone call. See page 4 of 6 on claim notes, attached as Exhibit C.

4. Mr. Tamminga wrote the Keslings a letter on August 22, 2008 which stated as follows:

> Dear Mr. and Mrs. Kesling,
>
> I am writing to follow up to the above captioned claim for damage at the home. As of today's date we have not received a response or estimate from our repeated inquiries. Therefore, if we do not receive the information requested, we will be closing the file as of September 1, 2008. Should you have any questions concerning this matter please feel free to contact me. The claim number will remain in our system.

The August 22, 2008 letter is attached as Exhibit D.

5. Mr. Tamminga wrote the Keslings on September 2, 2008 to inform them that American Family was closing the file due to lack of response to his repeated inquires. The September 2, 2008 letter is attached as Exhibit E.

6. American Family received no further contact from the Keslings, or anyone on their behalf, until receipt of their counsel Justin Berg's August 28, 2009 letter, attached as Exhibit F.

7. The Keslings filed this lawsuit seeking coverage under the American Family Policy on June 18, 2010.

This timeline conclusively demonstrates the Keslings failure to comply with the one year suit limitation contained in their Policy. The Keslings, through their insurance agent, initiated their claim on August 20, 2008, and thereafter chose to abandon the claim by refusing to respond to Mr. Tamminga's voice mails and letters seeking to schedule an appointment with them. The Keslings then chose not to reinitiate their claim until more than a year thereafter, through submission of Mr. Berg's August 28, 2009 letter. By abandoning their initially presented claim and then waiting more than a full year from the initial notice of loss to resume their claim, the Keslings forfeited any claim for coverage under the Policy, as a matter of law.

Nor do these circumstances give rise to any argument that American Family waived or is otherwise estopped from relying on the one year suit limitation. The only representation made by

American Family prior to the one year anniversary of their water damage loss was Mr. Tamminga's statement in his September 2, 2008 letter that American Family was closing its file due to the Keslings' failure to respond to prior inquiries.  Mr. Tamminga's concise letter offered the Keslings no reason to consider that American Family would waive the one year suit limitation, or any other terms or conditions of the Policy.  Rather, the Keslings' choice and decision to wait more than a year to reinitiate their claim were entirely of their own doing, without any prompting by or reliance upon American Family.

For the foregoing reasons, Defendant American Family Mutual Insurance Company requests the Court to enter judgment in its favor and against Plaintiffs Jack and Michelle Kesling on their First Claim for Relief for Declaratory Judgment, as well as on their Second Claim for Relief for Breach of the insurance Policy.

Respectfully submitted this 23rd day of May, 2011.

   _s/ Colin C. Campbell_____
Colin C. Campbell, Esq.
CAMPBELL, LATIOLAIS & RUEBEL, P.C.
825 Logan Street
Denver, CO 80203
Telephone:  (303)861-7760
Facsimile:  (303)861-7767
Email:  rba@clr-law.com
Email:  ccc@clr-law.com
*Attorneys for Defendant American Family*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May 2011, I electronically filed a true and correct copy of the foregoing **DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON BREACH OF CONTRACT CLAIMS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Giovanni M. Ruscitti, Esq.
Justin Colby Berg, Esq.
Berg Hill Greenleaf & Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302

                                                  */s/ Stacey M. Curtin*
                                                  *[A duly signed original is on file at the law offices of*
                                                    *Campbell, Latiolais & Ruebel, P.C.]*