IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01441-RBJ-CBS

JACK KESLING and MICHELLE KESLING

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a
Wisconsin corporation

    Defendant.

---

### MOTION FOR LEAVE TO AMEND COMPLAINT
---

    Plaintiffs Jack Kesling and Michelle Kesling (the "Keslings"), through their undersigned counsel, Berg Hill Greenleaf & Ruscitti LLP, hereby respectfully submit this Motion for Leave to Amend Complaint, and state as follows:

### D.C.Colo.L.CivR 7.1 Certification

    Counsel for the Keslings has conferred in good faith with counsel for Defendant, American Family Mutual Insurance Company ("American Family"), regarding the relief requested herein. American Family opposes this motion.

    1.    On March 22, 2012, the Court issued its Order on Pending Motions (the "Order") [*doc. #64*]. The Order addressed the Keslings' motion to bifurcate issues of attorney fees recoverable under the "wrong of another" doctrine (the "Motion to Bifurcate"), filed on May 3, 2011 [*doc. # 28*]. In the Order, the Court explained the "wrong of another" doctrine, noting that

"Colorado does recognize a cause of action for attorney's fees and other litigation expenses incurred when the natural and probable consequence of a wrongful act has been to involve plaintiff in litigation with others." (Order at 7 (citation omitted).) The Court then denied the Motion to Bifurcate as moot because the Keslings "did not assert a claim based upon the 'wrong of another' doctrine" in their Complaint. (*Id.* at 8.) The Court also stated that, "to the best of [its] knowledge, the ["wrong of another"] claim is first mentioned in the [Motion to Bifurcate]." (*Id.*)

2. The Keslings acknowledge that their Complaint does not specifically mention "wrong of another" damages. However, the Keslings' initial disclosures, served on December 7, 2010, did specifically mention "wrong of another" damages:

> Plaintiffs seek the following damages in this action…All reasonable attorney fees and costs in the Douglas County Action, including but not limited to under the "wrong of another" doctrine, which allows a plaintiff to recover his attorney fees and costs when the natural and probable consequence of one defendant's wrong (*i.e.*, American Family's bad faith) is to force a plaintiff to protect his legal interests by engaging in separate litigation with others (*i.e.*, the defendants in the Douglas County Action).

(Pl.'s Initial Fed. R. Civ. P. 26(a)(1) Disclosures, attached hereto as **Exhibit A**, at 5.)

3. The Keslings believe that "wrong of another" damages do not have to be specifically pled to be recoverable. To that end, the "wrong of another" doctrine "does not establish a stand-alone cause of action." *Rocky Mountain Festivals, Inc. v. Parsons Corp.*, 242 P.3d 1067, 1071 (Colo. 2010). Rather, the doctrine acknowledges that litigation costs and fees incurred in a separate litigation "may sometimes be an appropriate measure of compensatory <u>damages</u> against another party." *Id.* (emphasis added). The doctrine therefore creates a category of damages, not a claim for relief.

2

4. Under federal law, while claims for special damages must be "specifically stated," general damages do not need to be pled with specificity. *Compare* Fed. R. Civ. P. 9(g) *with Prudence Co. v. Fidelity & Deposit Co. of Md.*, 297 U.S. 198, 207–08 (1936) ("Damages when general are recoverable under a pleading that does not enumerate the items.").

5. "General damages are defined as all actual damages which <u>naturally</u> and necessarily flow from the wrongful act." *M.F. Patterson Dental Supply Co. v. Wadley*, 401 F.2d 167, 172 (10th Cir. 1968) (emphasis added); *see also Rogers v. Funkhouser*, 212 P.2d 497, 502 (Colo. 1949) ("[G]eneral damages are such as the law presumes from the alleged wrong and such as <u>naturally</u> and necessarily result therefrom." (emphasis added)). Similarly, "wrong of another" damages are the "<u>natural</u> and probable consequence of a wrongful act." *Int'l State Bank of Trinidad v. Trinidad Bean & Elevator Co.*, 245 P. 489, 489 (Colo. 1926) (emphasis added). "Wrong of another" damages thus fit within the purview of general damages, and this Court has held as such. *E.g.*, *Tax Servs. of Am., Inc. v. Mitchell*, 2009 WL 464679, at *5 (D. Colo. Jan. 13, 2009) ("Colorado does allow the recovery of attorneys' fees <u>as general damages</u> where the incursion of such fees naturally flows from the commission of the tort involved." (emphasis added)).

6. Notwithstanding, to the extent the Court's Order requires the Keslings to specifically plead "wrong of another" damages, the Keslings hereby respectfully request leave to amend their initial Complaint. An Amended Complaint and Jury Demand is attached hereto as **Exhibit B** (without exhibits).

7. Other than amending a pleading "as a matter of course," as defined in Federal Rule of Civil Procedure 15(a)(1), "a party may amend its pleading only with the opposing party's

written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule instructs the court to "freely give leave when justice so requires." *Id.* "Refusing leave to amend is generally only justified upon a showing of [1] undue delay, [2] undue prejudice to the opposing party, [3] bad faith or dilatory motive, [4] failure to cure deficiencies by amendments previously allowed, or [5] futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

8. American Family has known that the Keslings were seeking "wrong of another" damages since the time the Keslings served their initial disclosures, on December 7, 2010. The parties have been proceeding as if the Keslings would be claiming these damages at trial. The amendment will not cause undue delay, and will not subject any party to undue prejudice. Also, the damages "may be a proper subject of relief," as American Family's wrong (*i.e.*, its refusal to fulfill its obligation under the insurance policy) forced the Keslings to protect their legal interests by engaging (or continuing to engage[1]) in separate litigation with others (*i.e.*, the defendants in the Douglas County Action).

WHEREFORE, the Keslings respectfully request that the Court grant this Motion for Leave to Amend Complaint, and issue an order allowing the Keslings to file their Amended Complaint and Jury Demand. A proposed order is attached hereto as **Exhibit C**.

---

[1] Upon information and belief, American Family's primary defense against the Keslings' request for "wrong of another" damages is that the Keslings filed the Douglas County Action before American Family denied coverage. This argument is a complete red herring and is specifically recognized as such under Colorado law. *See Rocky Mountain Festivals*, 242 P.3d at 1074 ("a wrongdoer will not escape liability [under the wrong of another doctrine] merely because his wrong adversely impacted parties already in litigation with one another").

4

Respectfully submitted this 6th day of April, 2012.

        BERG HILL GREENLEAF & RUSCITTI LLP

        *s/Justin C. Berg*
        _____
        Giovanni M. Ruscitti
        Justin C. Berg
        1712 Pearl Street
        Boulder, CO 80302
        Phone: (303) 402-1600
        Fax: (303) 402-1601
        Email: gmr@bhgrlaw.com
        Email: jcb@bhgrlaw.com

        *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of April, 2012, I electronically filed the foregoing **MOTION FOR LEAVE TO AMEND COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification to such filing to the following e-mail addresses, and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Colin C. Campbell
Clifton J. Latiolais
Robyn Berger Averbach
Campbell, Latiolais & Ruebel, P.C.
825 Logan Street
Denver, CO  80203-3114
ccc@clr-law.com
cjl@clr-law.com
rba@clr-law.com

*Attorneys for American Family*

                                                            *s/Fern H. Regan*
                                                           _____
                                                           Fern H. Regan