IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 10-cv-01441-RBJ-CBS


JACK KESLING and MICHELLE KESLING


      Plaintiff(s),

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a
Wisconsin corporation


      Defendant(s).

_____

## EXHIBIT A

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

_____

## PLAINTIFFS' INSTRUCTION NO. 1

### Liability in Issue

The Court will now explain the claims and defenses of each party to the case and the law governing the case. Please pay close attention to these instructions. These instructions include both general instructions and instructions specific to the claims and defenses in this case. You must consider all the general and specific instructions together. You must all agree on your verdict, applying the law (, as you are now instructed,) to the facts as you find them to be.

The parties to this case are: Jack and Michelle Kesling (the "Keslings"), the plaintiffs and American Family Mutual Insurance Company, the defendant.

The plaintiffs claim: The Keslings bought a "Gold Star Special Deluxe" homeowner's policy (the "Policy") from American Family Mutual Insurance Company. The underlying issue in this case is that, when damage was discovered at the Keslings' home, American Family Mutual Insurance Company did not cover the Keslings' claims. The Keslings' substantive claims include breach of insurance contract and bad faith breach of insurance contract. The Keslings' damages include the cost to repair all property damage that resulted from certain construction defects in their home, loss of use, attorneys' fees and costs incurred in the underlying state court construction defect action (the "State Court Action") under the "wrong of another" doctrine, and non-economic damages.

In summary, the Keslings discovered a "wrinkle" on the surface of their deck while preparing for a 4th of July party in 2008, less than a year after moving in. Over time, the wrinkle turned into a larger problem, and by the summer of 2009 the Keslings were aware of over $750,000 in water and other property damage. The Keslings requested coverage under the

Policy.  American Family refused to provide any help.

Discovery has since revealed that American Family's primary claims adjustors, Robert Tamminga III and Dale Wheeler, performed virtually no investigation or analysis before denying coverage of the Keslings' entire claim.  This includes failing to follow American Family's own internal guidelines.  There is no written evidence anywhere in the claims file (notes, highlights, etc.) to support the suggestion that any such investigation or analysis was performed prior to denial.

For example, American Family did not perform any investigation or analysis of the timing of the damage.  It now claims most of the damage occurred outside the Policy period (it has no expert on this issue, however).  Nor did American Family perform any investigation or analysis of the percentage of the claim that related to covered resulting loss as opposed to uncovered repairs to the defective work itself.  It now claims that the Resulting Loss Exception does not apply because there was no "separate and independent" covered peril (it did not rely on any such argument at the time of denial, however).  In fact, most of American Family's own witnesses have disagreed with the strained interpretation of the Resulting Loss Exception recently articulated in American Family's Second Motion for Summary Judgment.

In short, a resulting loss exception reaffirms coverage water damage caused by faulty construction or materials.  This is the primary category of property damage at issue in this case.

Conversely, the defendant states that the Keslings discovered several areas of defective construction within their home following their purchase of the home from Steve and Janet Dulaney in September 2007. These areas of defect include a leaking exterior deck, inadequate moisture protection in the crawlspace, poorly installed stucco cladding, inadequate flashing of

doors and windows and defective roofing. The Keslings sued the Dulaneys in Douglas County District Court for negligence, fraud and misrepresentation, and eventually settled with the Dulaneys.

On August 20, 2008 the Keslings submitted a claim for coverage under their homeowners insurance policy issued by American Family. The Keslings thereafter abandoned their claim, and did not seek to resurrect it until more than a year later on August 28, 2009, and only after they had initiated their lawsuit against the Dulaneys.

American Family submits the Keslings' claim for repair of defective construction is not covered under the Policy. American Family further submits there is also no coverage provided under the "resulting loss" exception to the faulty workmanship exclusion, because the claimed cost to replace the water-damaged deck was (1) not due to a separate and independent loss and (2) otherwise constitutes an excluded cause of loss (as wear and tear, deterioration, corrosion, rust, and/or dry or wet rot).

American Family further asserts the Keslings' claimed damages did not occur within the policy period, since the deck was already water-damaged at the time the Keslings purchased the home from the Dulaneys. American Family also considers that the Keslings breached the policy by waiting more than a year following their initial submission of the claim before seeking to resurrect it.

Should the Court or jury determine that some portion of the Keslings' claim falls within coverage, American Family submits that it is entitled to an offset in the amount received in settlement from the Dulaneys, since the Keslings sued the Dulaneys for the same repair damages which they seek under their homeowners policy with American Family.

American Family denies that it conducted an inadequate investigation, or that it otherwise acted in bad faith in its handling of the Keslings' property claim.

These are the issues you are to decide.

**Source and Authority**

CJI-Civ. 2:1 (CLE ed. 2012) (modified) (defendant's statement pulled from taken from the Proposed Final Pretrial Order).

**PLAINTIFFS' INSTRUCTION NO. 2**
**(Stipulated)**

**Evidence in the Case—Judicial Notice—Inferences Permitted and Defined**

The evidence in the case consists of the sworn testimony of all the witnesses, all exhibits which have been received in evidence, all facts which have been admitted or agreed to, and all facts and events which have been judicially noticed.

In deciding the facts, you must consider only the evidence received at trial. Evidence offered at the trial and rejected or stricken by the Court must not be considered by you. Statements, remarks, arguments, and objections by counsel and remarks of the Court not directed to you are not evidence.

You are to consider only the evidence in the case and the reasonable inferences from that evidence. An inference is a deduction or conclusion that reason and common sense lead the jury to draw from other facts that have been proved.

When the Court declares it has taken judicial notice of some fact or event, the jury must accept that fact or event as proved.

**Source and Authority**

CJI-Civ. 3:8 (CLE ed. 2012) (modified).

**PLAINTIFFS' INSTRUCTION NO. 3**
**(Stipulated)**

**Direct and Indirect (Circumstantial) Evidence—Defined**

Evidence may be either direct or circumstantial. Circumstantial evidence is the proof of facts or circumstances from which the existence or nonexistence of other facts may reasonably be inferred. All other evidence is direct evidence. The law makes no distinction between the effect of direct evidence and circumstantial evidence.

<u>**Source and Authority**</u>

CJI-Civ. 3:9 (CLE ed. 2012).

**PLAINTIFFS' INSTRUCTION NO. 4**
**(Stipulated)**

**Preponderance Not Determined by Number of Witnesses**

The weight of evidence is not necessarily determined by the number of witnesses

testifying to a particular fact.

**<u>Source and Authority</u>**

CJI-Civ. 3:12 (CLE ed. 2012).

**PLAINTIFFS' INSTRUCTION NO. 5**
**(Stipulated)**

**Sympathy--Prejudice**

You must not be influenced by sympathy, bias, or prejudice for or against any party in this case.

**<u>Source and Authority</u>**

CJI-Civ. 3:15 (CLE ed. 2012).

**PLAINTIFFS' INSTRUCTION NO. 6**
**(Stipulated)**

**Expert Witnesses**

A witness qualified as an expert by education, training, or experience may state opinions. You should judge expert testimony just as you would judge any other testimony. You may accept it or reject it, in whole or in part. You should give the testimony the importance you think it deserves, considering the witness's qualifications, the reasons for the opinions, and all of the other evidence in the case.

**Source and Authority**

CJI-Civ. 3:16 (CLE ed. 2012).

**PLAINTIFFS' INSTRUCTION NO. 7**
**(Stipulated)**

**Determining Creditability of Witnesses**

You are the sole judges of the credibility of the witnesses and the weight to be given their testimony. You should take into consideration their means of knowledge, strength of memory and opportunities for observation; the reasonableness or unreasonableness of their testimony; the consistency or lack of consistency in their testimony; their motives; whether their testimony has been contradicted or supported by other evidence; their bias, prejudice or interest, if any; their manner or demeanor upon the witness stand; and all other facts and circumstances shown by the evidence which affect the credibility of the witnesses.

Based on these considerations, you may believe all, part or none of the testimony of a witness.

**Source and Authority**

CJI-Civ. 3:17 (CLE ed. 2012).

**PLAINTIFFS' INSTRUCTION NO. 8**

**Burden of Proof and Preponderance of the Evidence—Defined**

The Keslings have the burden of proving their claims by a preponderance of the evidence. American Family Mutual Insurance Company has the burden of proving each of its affirmative defenses by a preponderance of the evidence. To prove something by a "preponderance of the evidence" means to prove that it is more probably true than not. "Burden of proof" means the obligation a party has to prove its claims or defenses by a preponderance of the evidence. The party with the burden of proof can use evidence produced by any party to persuade you. If a party fails to meet its burden of proof as to any claim or defense or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject that claim or defense.

This burden of proof applies to all claims except for a finding of punitive damages, set forth in Instruction No. __.

**Source and Authority**

CJI-Civ. 3:1 (CLE ed. 2012) (modified).

**PLAINTIFFS' INSTRUCTION NO. 9**

**Reasonable Doubt—Defined**

Reasonable doubt means a doubt based upon reason and common sense which arises from a fair and thoughtful consideration of all the evidence, or the lack of evidence, in the case. It is not a vague, speculative, or imaginary doubt, but one that would cause reasonable persons to hesitate to act in matters of importance to themselves. This instruction is only to be used in conjunction with Instruction No. __ on punitive damages.

**<u>Source and Authority</u>**

CJI-Civ. 3:1 (CLE ed. 2012) (modified).

**PLAINTIFFS' INSTRUCTION NO. 10**
**(Stipulated)**

**Liability based on *Respondeat Superior***
**Acts of Employee as Acts of Employer**

Bob Tamminga Jr., Bob Tamminga III, and Dale Wheeler were the employees of

American Family Mutual Insurance Company at the time of the events in this matter. Therefore,

any act or omission of Bob Tamminga Jr., Bob Tamminga III, or Dale Wheeler was the act or

omission of American Family Mutual Insurance Company.

**Source and Authority**

CJI-Civ. 8:2 (CLE ed. 2012) (modified).

**PLAINTIFFS' INSTRUCTION NO. 11**
**(Stipulated)**

**Uncertainty as to the Amount of Damages**

Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount. You should use your best judgment based on the evidence.

**Source and Authority**

CJI-Civ. 5:6 (CLE ed. 2012).

**PLAINTIFFS' INSTRUCTION NO. 12**

**CLAIM: Breach of Contract**
**Damages—Introduction**
[*note: to be used if the Court rules in the Keslings' favor on the Declaratory Judgment claim*]

Prior to trial, the Court determined that American Family Mutual Insurance breached its insurance contract with the Keslings by failing to provide coverage for the Keslings' insurance claim. Therefore, under Colorado law you must award the Keslings either general or nominal damages.

To award general damages, you must find by a preponderance of the evidence that the Keslings had general damages as a result of the breach, and you must determine the amount of those damages.

If you do not find any general damages, you shall nonetheless award the Keslings nominal damages in the sum of one dollar.

**<u>Source and Authority</u>**

CJI-Civ. 30:38 (CLE ed. 2012) (modified).

# PLAINTIFFS' INSTRUCTION NO. 13

## CLAIM: Breach of Contract
## General Damages

If general damages have been proved, you shall award the Keslings that sum that places them in the position they would have been if American Family Mutual Insurance Company had not breached its insurance policy with the Keslings.

You may award these damages if you find that they were a natural and probable consequence of American Family Mutual Insurance Company's breach of the insurance policy and American Family Mutual Insurance Company reasonably could have foreseen at the time the parties entered into the insurance policy that the damages would probably occur if American Family Mutual Insurance Company breached the insurance policy.

If general damages have been proved, you shall award the Keslings damages for:

1.  The cost to redesign, repair, and/or replace the damage to parts of the Keslings' home resulting from water or moisture infiltration caused by defective construction;

2.  The cost to investigate and/or discover the damage to their home, plus all related charges;

3.  Loss of use of their home;

4.  The inability to pursue pre-judgment interest in the underlying litigation due to the fact that American Family Mutual Insurance Company did not make the necessary repairs to the Keslings' home when the Keslings originally submitted their insurance claim; and

5.  Damages under the wrong of another doctrine, as defined in Instruction No. ___.

**<u>Source and Authority</u>**

CJI-Civ. 30:39 (CLE ed. 2012) (modified).

none**PLAINTIFFS' INSTRUCTION NO. 14**
**(Stipulated)**

**CLAIM: Bad Faith Breach of Insurance Contract**
**Elements of Liability**

For the Keslings to recover from American Family Mutual Insurance Company on their claim of bad faith breach of insurance contract, you must find all the following have been proved by a preponderance of the evidence:

1.      The Keslings suffered damages;

2.      American Family Mutual Insurance Company acted unreasonably in denying payment of the Keslings' claim;

3.      American Family Mutual Insurance Company knew that its conduct or position was unreasonable OR American Family Mutual Insurance Company recklessly disregarded the fact that its conduct or position was unreasonable; and

4.      American Family Mutual Insurance Company's unreasonable conduct or position was a cause of the Keslings' damages.

If you find that any one or more of these four statements has not been proved, then your verdict must be for American Family Mutual Insurance Company.

On the other hand, if you find that all of these four statements have been proved, then your verdict must be for the Keslings.

**<u>Source and Authority</u>**

CJI-Civ. 25:2 (CLE ed. 2012) (modified).

**PLAINTIFFS' INSTRUCTION NO. 15**

**CLAIM: Bad Faith Breach of Insurance Contract**
**Unreasonable Conduct or Position—Defined**

"Unreasonable conduct" means the failure to do an act that a reasonably careful insurance company would do, or the doing of an act that a reasonably careful insurance company would not do, under the same or similar circumstances, to protect the persons insured from damages.

"Unreasonable position" means a position taken by an insurance company with respect to a claim being made on one of its policies that a reasonably careful insurance company would not take under the same or similar circumstances.

<u>**Source and Authority**</u>

CJI-Civ. 25:3 (CLE ed. 2012).

**PLAINTIFFS' INSTRUCTION NO. 16**

**CLAIM: Bad Faith Breach of Insurance Contract**
**Unreasonable Conduct or Position—Examples of Bad Faith**

The statutes of Colorado prohibit an insurance company from willfully:

1.      Misrepresenting pertinent facts or insurance policy provisions relating to

coverages at issue; or

2.      Refusing to pay claims without conducting a reasonable investigation based upon

all available information; or

3.      Attempting to settle a claim for less than the amount to which a reasonable person

would have believed he or she was entitled by reference to written or printed advertising material

accompanying or made part of an application.

You may consider any such conduct in determining whether American Family Mutual

Insurance Company acted unreasonably in denying payment if you find that:

1.      American Family Mutual Insurance Company willfully engaged in such conduct;

2.      Such conduct caused or contributed to American Family Mutual Insurance

Company's denial of payment of the Keslings' insurance claim; and

3.      Such conduct caused or contributed to any of the Keslings' claimed damages.

**Source and Authority**

CJI-Civ. 25:6 (CLE ed. 2012) (modified).

**PLAINTIFFS' INSTRUCTION NO. 17**

**CLAIM: Bad Faith Breach of Insurance Contract**
**Reckless Disregard—Defined**

An insurance company recklessly disregards the unreasonableness of its conduct or position when it acts or takes a position with knowledge of facts that indicate that its conduct or position lacks a reasonable basis or when it is deliberately indifferent to information concerning the claim.

As an example, an insurance company recklessly disregards the unreasonableness of its denial of a claim where it does not perform an investigation to determine the precise cause of loss or where the insurance company arbitrarily rejects the insured's evidence supporting its claim for payment even though the insurance company has no expert analysis to support its position.

**Source and Authority**

CJI-Civ. 25:7 (CLE ed. 2012) (modified); *Novell v. Am. Guar. & Liab. Ins. Co.*, 15 P.3d 775, 779–80 (Colo. App. 1999).

**PLAINTIFFS' INSTRUCTION NO. 18**

**CLAIM: Bad Faith Breach of Insurance Contract**
**Duty of Good Faith and Fair Dealing**

An insurance company owes to those it insures the duty of good faith and fair dealing.

That duty is breached if the company unreasonably denies payment, misrepresents pertinent facts

or insurance policy provisions relating to coverages at issue, refuses to pay claims without

conducting a reasonable investigation based upon all available information, or attempts to settle a

claim for less than the amount to which a reasonable man would have believed he was entitled

by reference to written or printed advertising material accompanying or made part of an

application, and the company knows that its conduct or position is unreasonable or it recklessly

disregards whether its conduct or position is unreasonable.

**Source and Authority**

CJI-Civ. 25:8 (CLE ed. 2012) (modified).

**PLAINTIFFS' INSTRUCTION NO. 19**
**(Stipulated)**

**CLAIM: Bad Faith Breach of Insurance Contract**
**Cause When Only One Cause Is Alleged—Defined**

The word "cause" as used in the bad faith breach of insurance contract claim means an act or failure to act which in natural and probable sequence produced the claimed injury. It is a cause without which the claimed injury would not have happened.

**Source and Authority**

CJI-Civ. 9:18 (CLE ed. 2012) (modified).

**PLAINTIFFS' INSTRUCTION NO. 20**

**CLAIM: Bad Faith Breach of Insurance Contract**
**Actual Damages**

The Keslings have the burden of proving, by a preponderance of the evidence, the nature and extent of their damages. If you find in favor of the Keslings, you must determine the total dollar amount of their damages, if any, that were caused by the bad faith breach of insurance contract by American Family Mutual Insurance Company.

In determining these damages, you shall consider the following:

1.	Any noneconomic losses that plaintiff has had or will probably have in the future, including

      a.	emotional distress;

      b.	pain and suffering;

      c.	inconvenience; and

      d.	impairment of the quality of life.

2.	Any economic losses or injuries that the Keslings have had or will probably have in the future, including

      a.	The cost to redesign, repair, and/or replace the damage to parts of the Keslings' home resulting from water or moisture infiltration caused by defective construction;

      b.	The cost to investigate and/or discover the damage to their home, plus all related charges;

      c.	Loss of use of their home;

      d.	The inability to pursue pre-judgment interest in the underlying litigation due to the fact that American Family Mutual Insurance Company did not make the necessary

repairs to the Keslings' home when the Keslings originally submitted their insurance claim; and

  e.  Damages under the wrong of another doctrine, as defined in Instruction No. ___.

  **Source and Authority**

  CJI-Civ. 25:9 (CLE ed. 2012) (modified).

**PLAINTIFFS' INSTRUCTION NO. 21**

**CLAIM: Bad Faith Breach of Insurance Contract**
**Punitive Damages**

If you find in favor of the Keslings on their claim of bad faith breach of insurance contract, then you shall consider whether they should recover punitive damages against American Family Mutual Insurance Company. If you find beyond a reasonable doubt that American Family Mutual Insurance Company acted in a willful and wanton manner in causing the Keslings' damages, you shall determine the amount of punitive damages, if any, that the Keslings should recover.

Punitive damages, if awarded, are to punish American Family Mutual Insurance Company and to serve as an example to other insurance companies.

**Source and Authority**

CJI-Civ. 5:4 (CLE ed. 2012) (modified).

**PLAINTIFFS' INSTRUCTION NO. 22**

**CLAIM: Bad Faith Breach of Insurance Contract
Willful and Wanton Conduct—Defined**

"Willful and wanton conduct" means an act or omission purposefully committed by a person who must have realized that the conduct was done heedlessly and recklessly, either without regard to the consequences, or without regard to the rights of others, particularly the Keslings.

**Source and Authority**

CJI-Civ. 9:30 (CLE ed. 2012) (modified).

**PLAINTIFFS' INSTRUCTION NO. 23**

**CLAIM: Unreasonable Denial of Payment of Benefits**
**Elements of Liability**

For the Keslings to recover from American Family Mutual Insurance Company on their claim of unreasonable denial of payment of benefits, you must find all of the following have been proved by a preponderance of the evidence:

1. American Family Mutual Insurance Company denied payment of benefits to the Keslings; and

2. American Family Mutual Insurance Company's denial of payment was without a reasonable basis.

If you find that either of these statements has not been proved, then your verdict must be for American Family Mutual Insurance Company.

**Source and Authority**

CJI-Civ. 25:4 (CLE ed. 2012) (modified).

**PLAINTIFFS' INSTRUCTION NO. 24**

**CLAIM: Unreasonable Denial of Payment of Benefits**
**Actual Damages**

The Keslings have the burden of proving, by a preponderance of the evidence, the extent of their damages. If you find in favor of the Keslings on their claim for unreasonable denial of payment of benefits (Instruction No. __), you must determine the total dollar amount of the covered benefits for which payment was denied without a reasonable basis.

**Source and Authority**

CJI-Civ. 25:10 (CLE ed. 2012) (modified).

**PLAINTIFFS' INSTRUCTION NO. 25**

**Damages for Wrong of Another**

If you find that the natural and probable consequence of a wrongful act by American Family Mutual Insurance Company was to involve the Keslings in litigation with others, namely the defendants in the case called *Jack Kesling, et al. v. Stephen Dulaney, et al.*, Douglas County District Court, case No. 2009CV2203, then the Keslings may recover from the defendant the reasonable expenses of that litigation.

This damage instruction applies to both the breach of contract claim (Instruction No. __) and the bad faith breach of insurance contract claim (Instruction No. __).

<u>**Source and Authority**</u>

CJI-Civ. 5:7 (CLE ed. 2012) (modified).