IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01441-RBJ-CBS

JACK KESLING and MICHELLE KESLING

    Plaintiff(s),

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation

    Defendant(s).

_____

**EXHIBIT A**

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**
_____

# DEFENDANT'S INSTRUCTION NO. 8
## (Alternate to Plaintiffs' Instruction No. 8)

**Burden of Proof and Preponderance of the Evidence—Defined**

The Keslings have the burden of proving their claims by a preponderance of the evidence. American Family Mutual Insurance Company has the burden of proving each of its affirmative defenses by a preponderance of the evidence. To prove something by a "preponderance of the evidence" means to prove that it is more probably true than not. "Burden of proof" means the obligation a party has to prove its claims or defenses by a preponderance of the evidence. The party with the burden of proof can use evidence produced by any party to persuade you. If a party fails to meet its burden of proof as to any claim or defense or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject that claim or defense.

**Source and Authority**

CJI-Civ. 3:1 (CLE ed. 2012)

# DEFENDANT'S INSTRUCTION NO. 13
## (Alternate to Plaintiffs' Instruction No. 13)

## CLAIM: Breach of Contract
## General Damages

If you find in favor of the Kesslings on their claim of breach of contract, then you must award them actual or nominal damages.

To award actual damages, you must find by a preponderance of the evidence that the plaintiff had actual damages as a result of the breach, and you must determine the amount of those damages.

If actual damages have been proved, you shall award the Keslings damages for the cost to repair the damage to parts of the Keslings' home unrelated to and independent of the deck, the roof, and the crawlspace resulting from water or moisture infiltration caused by defective construction.

If you find in favor of the plaintiff, but do not find any actual damages, you shall nonetheless award the plaintiff nominal damages in the sum of one dollar.

**Source and Authority**

CJI-Civ. 30:36 (CLE ed. 2012) (modified to include Court's Order on Pending Motions dated 3-22-12)

## DEFENDANT'S INSTRUCTION NO. 16
### (Alternate to Plaintiff's Instruction No. 16)

### CLAIM: Bad Faith Breach of Insurance Contract
### Unreasonable Conduct or Position—Examples of Bad Faith

The statutes of Colorado prohibit an insurance company from willfully refusing to pay claims without conducting a reasonable investigation based upon all available information; or

You may consider any such conduct in determining whether American Family Mutual Insurance Company acted unreasonably in denying payment if you find that:

1. American Family Mutual Insurance Company willfully engaged in such conduct;

2. Such conduct caused or contributed to American Family Mutual Insurance Company's denial of payment of the Keslings' insurance claim; and

3. Such conduct caused or contributed to any of the Keslings' claimed damages.

**Source and Authority**

CJI-Civ. 25:6 (CLE ed. 2012)

# DEFENDANT'S INSTRUCTION NO. 17
## (Alternate to Plaintiffs' Instruction No. 17)

## CLAIM: Bad Faith Breach of Insurance Contract
## Reckless Disregard—Defined

An insurance company recklessly disregards the unreasonableness of its conduct or position when it acts or takes a position with knowledge of facts that indicate that its conduct or position lacks a reasonable basis or when it is deliberately indifferent to information concerning the claim.

**Source and Authority**

CJI-Civ. 25:7 (CLE ed. 2012)

**DEFENDANT'S INSTRUCTION NO. 20**
**(Alternate to Plaintiffs' No. 20)**

**CLAIM: Bad Faith Breach of Insurance Contract**
**Actual Damages**

The Keslings have the burden of proving, by a preponderance of the evidence, the nature and extent of their damages. If you find in favor of the Keslings on their claim for bad faith breach of insurance contract, you must determine the total dollar amount of their damages, if any, that were caused by the bad faith breach of insurance contract by American Family Mutual Insurance Company.

In determining the damages, you shall consider any noneconomic losses that the Kesslings have had or will probably have in the future, including:

a. emotional distress;

b. inconvenience

**Source and Authority**

CJI-Civ. 25:9 (CLE ed. 2012)

**DEFENDANT'S INSTRUCTION N0. 31**

Any finding of fact you make must be based on probabilities, not possibilities. You should not guess or speculate about a fact.

**Source and Authority**

CJI-Civ. 3:4 (CLE ed. 2012)

**DEFENDANT'S INSTRUCTION NO. 32**

The fact that an instruction on measure of damages has been given to you does not mean that the Court is instructing the jury to award or not to award damages. The question of whether or not damages are to be awarded is a question for the jury's consideration.

**Source and Authority**

CJI-Civ. 5:1 (CLE ed. 2012)

# DEFENDANT'S INSTRUCTION NO. 33

If you find in favor of the plaintiffs, you shall award as their actual damages both the reasonable cost of repairing the property, and the decrease in market value, if any, to the property as repaired.

If the cost of repairs and any decrease in market value of the property as repaired is more than the market value of the property before the occurrence, your award shall be limited to the market value of the property before the occurrence.

**Source and Authority**

CJI-Civ. 6:12 (CLE ed. 2012) (modified).

# DEFENDANT'S INSTRUCTION NO. 34

The plaintiffs have sued for the same damages on two different claims for relief. The claims for relief on which the plaintiffs have sued and on which you have been instructed are: breach of contract damages for repairs to the home, and bad faith breach of contract damages for repairs to the home.

If you find for the plaintiffs on more than one claim for relief, you may award their damages only once for the same damages.

**Source and Authority**

CJI-Civ. 6:14 (CLE ed. 2012)

# DEFENDANT'S INSTRUCTION NO. 35
## Unreasonable Conduct—Unreasonable Position
## Common Law Claims—Defined

Claims that are "fairly debatable" are subject to challenge by an insurer without incurring liability for bad faith, even if the decision to deny coverage ultimately turns out to be mistaken. An insurer does not act with reckless disregard of a valid claim when its belief in the absence of coverage is reasonable.

**Source and Authority**

*Pham vs. State Farm Mutual Auto Ins. Co.,* 70 P.3d 567 (Colo. App.) *cert denied* (2003).